## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LISA BATEY-KOLEGAS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:16-cv-09423 |
| CAPITAL ONE FINANCIAL CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

### COMPLAINT

NOW COMES the Plaintiff, LISA BATEY-KOLEGAS ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, CAPITAL ONE FINANCIAL CORPORATION ("Capital") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Capital conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5.   Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7.   Capital is a financial corporation registered in the State of Delaware and its registered agent is Corporation Service Company located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Capital is engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

8.   Plaintiff obtained a credit card ("subject debt") from Capital sometime in late 2014.

9.   Plaintiff subsequently defaulted on the subject debt in late 2015 or early 2016.

10. In February 2016, Capital began placing unwanted collection calls to Plaintiff's cellular telephone ending in 4247. Plaintiff was the sole subscriber, owner, possessor, and operator of this cellular telephone number. Plaintiff is and has always been financially responsible for this cellular phone and its services.

11. Plaintiff received Capital's calls from telephone number 800-955-6600.

12. Upon information and belief, the above number is a phone number utilized by Capital during its debt collection activities. Capital has contacted Plaintiff's cellular phone with the purpose of collecting on the subject debt.

13. In February 2016, Plaintiff answered a phone call from a Capital representative attempting to locate and collect the subject debt. In response, Plaintiff demanded that Capital stop placing calls to her cellular phone.

14. When this call from Capital connected, there was an audible click from the receiver indicating that the call was placed using an automatic telephone dialing system as defined by 47 U.S.C. §227(a)(1).

15. Plaintiff requested that Capital cease placing calls to her cellular phone on no less than 20 separate occasions.

16. Notwithstanding Plaintiff's requests that Capital's collection calls cease, Capital placed or caused to be placed no less than 100 harassing phone calls to Plaintiff's cellular phone between February 2016 through the present day.

17. Plaintiff's demands that Capital's phone calls cease fell on deaf ears and Capital continued its phone harassment campaign.

18. Upon information, belief, and in light of the frequency of the calls, Capital utilized an ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted calls to Plaintiff's cellular phone.

19. The telephone number ending in 4247 that Capital called was assigned to cellular services for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

20. The calls Capital placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

**DAMAGES**

21. Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, and anxiety as a direct result of Capital's unlawful collection practices.

22. Capital's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Capital's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, physical harm, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

24. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to cease Capital's collection tactics, incurring costs and expenses traveling to and from her attorney's office.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Capital placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and

dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

29. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

30. Upon information and belief, the predictive dialing system employed by Capital transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

31. Capital violated the TCPA by placing no less than 100 calls between February 2016 through the present day to Plaintiff's cellular phone, using an ATDS. Moreover, Plaintiff demanded that Capital cease calls to her cellular phone on no less than 20 separate occasions during the phone calls she answered.

32. As pled above, Plaintiff was severely harmed by Capital's collection calls to her cellular phone.

33. Upon information and belief, Capital has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

34. Upon information and belief, Capital knew its collection techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

35. Capital, through its agents, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

36. Pursuant to 47 U.S.C. §227(b)(3)(B), Capital is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Capital's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff LISA BATEY-KOLEGAS requests that this Honorable Court:

a.  Declare Capital's phone calls to Plaintiff to be violations of the TCPA;

b.  Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

c.  Award any other relief this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

37. Plaintiff restates and realleges paragraphs 1 through 24 as through fully set forth herein.

38. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

39. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

40. Capital is engaged in commerce in the State of Illinois with regard to Plaintiff. Capital specializes offering credit services and debt collection, which are an activities within the stream of commerce and utilized in its regular course of business.

41. Capital violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to collect the subject debt from Plaintiff.

**a. Unfairness**

42. It was unfair for Capital to seek to collect from Plaintiff the subject debt through relentless harassing phone calls to her cellular phone attempting to induce her into making a payment.

43. It was unfair for Capital to place or cause to be placed no less than 100 phone calls to Plaintiff's cellular phone between February 2016 through the present day, without her consent.

44. It was unfair for Capital to continue placing calls to Plaintiff after she demanded that the calls cease on no less than 20 separate occasions.

45. Capital's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to her cellular phone.

46. Moreover, Capital's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in significant harm in the form of invasion of privacy.

47. Upon information and belief, Capital systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

48. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Capital and is done on a large scale.

49. Moreover Capital's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over business that collect lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

50. As alleged above, Plaintiff was substantially harmed by Capital's misconduct.

51. An award of punitive damages is appropriate because Capital's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the innumerable phone calls.

WHEREFORE, Plaintiff LISA BATEY-KOLEGAS requests that this Honorable Court:

a.    Enter judgment in Plaintiff's favor and against Capital;

b.    Award Plaintiff her actual damages in an amount to be determined at trial;

c.    Award Plaintiff her punitive damages in an amount to be determined at trial;

d.    Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e.    Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**


Dated: September 30, 2016                                    Respectfully Submitted,

                                                            /s/ Omar T. Sulaiman
                                                            Omar T. Sulaiman, ARDC#6322837
                                                            *Counsel for Plaintiff*
                                                            Sulaiman Law Group, LTD
                                                            900 Jorie Blvd, Ste 150
                                                            Oak Brook, IL 60523
                                                            Phone (630)575-8181
                                                            Fax: (630)575-8188